**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 02-4091**

───────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PETER KAY STERN, a/k/a Peter K. Stern,

                                        Defendant - Appellant.

───────────────

On Remand from the United States Supreme Court.
(S. Ct. No. 04-75)

───────────────

Submitted: October 31, 2005        Decided:  January 6, 2006

───────────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

───────────────

John Kenneth Zwerling, ZWERLING, LEIBIG & MOSELEY, P.C.,
Alexandria, Virginia, for Appellant.  Gretchen C. F. Shappert,
United States Attorney, David A. Brown, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Peter Kay Stern was convicted following a jury trial of one count of conspiracy to submit false and fraudulent claims to the Internal Revenue Service ("IRS"), one count of obstructing the work of IRS agents, one count of bank fraud, two counts of threatening a federal judge, and two counts of using the United States Postal Service mail system to communicate threats to a federal judge. The district court sentenced Stern to a 151-month term of imprisonment, followed by three years of supervised release. We affirmed his convictions and sentence. United States v. Stern, No. 02-4091 (4th Cir. Apr. 23, 2004) (unpublished). Stern filed a petition for writ of certiorari in the Supreme Court. On January 24, 2005, the Supreme Court granted the petition, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Stern v. United States, 125 S. Ct. 988 (2005). For the reasons discussed below, we affirm Stern's convictions, vacate the sentence, and remand to the district court for resentencing consistent with Booker.

Stern contends on remand that, in light of the Supreme Court's decision in Booker, his sentence violates the Sixth Amendment because the district court enhanced his sentence based on facts not admitted by him or proven to a jury beyond a reasonable doubt. In Booker, the Supreme Court held that the mandatory manner

- 2 -

in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Here, the district court sentenced Stern under the mandatory federal sentencing guidelines based on facts that were neither admitted by him nor proved to a jury beyond a reasonable doubt. Based on our review of the record, we find that all but four of Stern's enhancements were imposed in violation of the Sixth Amendment. We find that the twelve-level enhancement in Group 1, imposed pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2F1.1(b)(1)(M) (1995) because the intended loss exceeded $1,500,000, and the two-level enhancement for multiple victims pursuant to USSG § 2F1.1(b)(2) were not improper enhancements under Booker because Stern admitted that the face value of the "comptroller warrants" exceeded this amount and that there were multiple victims. Additionally, the three-level enhancements to

- 3 -

Groups 3 and 4, which were imposed pursuant to USSG § 3A1.2(a) because the victims were federal judges and the offense was motivated by their status, were also not improper. The facts supporting these two enhancements were clearly set forth in the indictment as elements of the offense and found by the jury beyond a reasonable doubt.

We find that the remaining sentencing enhancements, however, were not admitted by Stern nor proved to a jury beyond a reasonable doubt. Considering only the four enhancements that were not imposed in violation of Booker, we find that Stern should have received offense levels of 20 for Group 1, 12 for Group 2, 15 for Group 3, and 15 for Group 4. Pursuant to USSG § 3D1.4, Stern's combined offense level would have been 23. With a criminal history category of I, Stern's guideline range would have been 46 to 57 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). The 151-month sentence Stern received is substantially longer than the 46 to 57 month term of imprisonment the district court could have imposed based solely on the facts found by the jury.

Thus, under Booker, we find that Stern's sentence violates the Sixth Amendment, and also note that the district court erred in treating the guidelines as mandatory.[*] Because Stern

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Stern's sentencing.

- 4 -

clearly maintained in both the district court and this court that his enhancements should have been proved beyond a reasonable doubt pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we find that the issue has been preserved for appeal and does not require plain error review.

Accordingly, we vacate Stern's sentence and remand the case for resentencing in light of <u>Booker</u>. Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S.Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in § 3553, and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by § 3553(c)(2). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

Because the Supreme Court's remand order does not affect this court's conclusion in our prior opinion that the evidence is sufficient to support Stern's convictions for Counts 2 and 3, we also affirm Stern's convictions for the reasons set forth in the

prior opinion.  We deny Stern's pending motion to reassign his sentencing upon remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**AFFIRMED IN PART**;
**VACATED AND REMANDED IN PART**
